UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Westminster Securities Corporation,<br><br>                Plaintiff,<br><br>                vs.<br><br>Uranium Energy Corporation and UEC Concentric Merge Corporation,<br><br>                Defendants. | Consolidated Case No. 15 CV 04181 (VM)<br><br>**JURY TRIAL DEMANDED** |
| David R. Holbrooke, M.D.; AWM Holdings, LLC; John O'Shea,<br><br>                Plaintiffs,<br><br>                vs.<br><br>Uranium Energy Corporation and UEC Concentric Merge Corporation,<br><br>                Defendants. | Case No. 15 CV 06087 (VM) |

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT OF PLAINTIFF WESTMINSTER SECURITIES CORPORATION**

For their Answer to Plaintiff Westminster Securities Corporation's ("Plaintiff") Amended Complaint ("Complaint"), Defendants Uranium Energy Corporation ("UEC") and UEC Concentric Merge Corporation ("UEC Merge") (collectively "Defendants"), by their attorneys, admit, deny, and allege as follows:

1. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 1 of the Complaint and therefore deny the same.

2. Defendants admit that UEC is duly incorporated in the State of Nevada, and has its principal place of business at 1111 West Hastings Street, Suite 320, Vancouver, British Columbia, Canada V6E2J3. Defendants further admit that UEC is engaged in the business of uranium exploration, development, and extraction. Defendants lack sufficient knowledge or

1

information to admit or deny the remaining allegations set forth in paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a)(1), as alleged in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, Defendants admit that venue is appropriate in this District under 28 U.S.C. § 1391(b), based upon the language of the written agreement upon which plaintiff bases its claims. Defendants deny each and every remaining allegation set forth in paragraph 5 of the Complaint not expressly admitted herein.

6. Answering paragraph 6 of the Complaint, Defendants admit that, in or about December 2008, Concentric Energy Corporation ("Concentric") granted plaintiff certain warrants (the "Warrants") to purchase shares of Concentric common stock, upon the terms and conditions set forth therein. Defendants admit that the initial exercise price pursuant to the terms of the Warrants was $1.00 per share, subject to adjustment as provided in the Warrants, and that the Warrants expired according to their terms on December 31, 2012. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 6 of the Complaint and therefore deny the same.

7. Answering paragraph 7 of the Complaint, Defendants affirmatively allege that the terms and conditions of the Warrants speak for themselves.

8. Answering paragraph 8 of the Complaint, Defendants affirmatively allege that the terms and conditions of the Warrants speak for themselves.

9. Answering paragraph 9 of the Complaint, Defendants affirmatively allege that the terms and conditions of the Warrants speak for themselves.

10. Answering paragraph 10 of the Complaint, Defendants affirmatively allege that the terms and conditions of the Warrants speak for themselves.

11. Answering paragraph 11 of the Complaint, Defendants affirmatively allege that the terms and conditions of the Warrants speak for themselves.

12. Answering paragraph 12 of the Complaint, Defendants affirmatively allege that the terms and conditions of the Warrants speak for themselves. To the extent that paragraph 12 states legal conclusions or purports to interpret the terms of the Warrants, Defendants are not obligated to respond thereto. Further answering paragraph 12 of the Complaint, Defendants affirmatively allege that the Concentric Warrants were replaced pursuant to and in accordance with the terms and conditions of a Merger Agreement and Plan of Merger between Concentric and UEC entered into on or about May 5, 2011 (the "Merger Agreement").

13. Defendants admit the allegations set forth in the first sentence of paragraph 13 of the Complaint. Defendants deny the allegations set forth in the second sentence of paragraph 13 of the Complaint, and affirmatively allege that Concentric was the owner of certain mining claims which were of interest to UEC. Defendants affirmatively allege that the Merger Agreement and the public filings in connection therewith speak for themselves. Defendants admit that the Merger Agreement contemplated and expressly provided for a stock-for-stock merger whereby Concentric stock would be exchanged for UEC stock and whereby Concentric Warrants would be exchanged for UEC warrants. Defendants admit the allegations set forth in the last sentence of paragraph 13 of the Complaint. Defendants deny each and every remaining allegation set forth in paragraph 13 of the Complaint not expressly admitted herein.

14. Defendants admit the allegations set forth in the first and third sentences of paragraph 14 of the Complaint. Defendants deny the allegations set forth in the second sentence

of paragraph 14 of the Complaint and each and every remaining allegation set forth in paragraph 14 of the Complaint not expressly admitted herein.

15. Answering paragraph 15 of the Complaint, Defendants admit that, upon completion of the merger, and in accordance with the Merger Agreement, UEC issued replacement warrants to plaintiff, based upon the exchange ratio set forth in the Merger Agreement. Defendants deny each and every remaining allegation set forth in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Defendants affirmatively allege that UEC issued the replacement warrants to plaintiff in full compliance with the applicable terms of the Concentric Warrants and the terms and conditions of the Merger Agreement. Defendants deny each and every remaining allegation set forth in paragraph 16 of the Complaint not expressly admitted herein.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, Defendants incorporate their answer to paragraphs 1-19 of the Complaint as if fully set forth herein.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Answering paragraph 24 of the Complaint, Defendants incorporate their answer to paragraphs 1-23 of the Complaint as if fully set forth herein.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, Defendants incorporate their answer to paragraphs 1-26 of the Complaint as if fully set forth herein.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny each and every remaining allegation set forth in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

34. As and for their first affirmative defense, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

35. As and for their second affirmative defense, Defendants allege that the replacement warrants issued by UEC expired by their terms on December 31, 2012.

36. As and for their third affirmative defense, Defendants allege that, pursuant to the Merger Agreement, the Concentric Warrants were surrendered and exchanged for the UEC Warrants, resulting in a novation.

37. As and for their fourth affirmative defense, Defendants allege that they lack sufficient knowledge or information as to whether any and all conditions precedent have been met, including, but not limited to a timely and definite tender.

38. As and for their fifth affirmative defense, Defendants allege that Plaintiff failed to timely exercise any rights it might have had with respect to the Concentric Warrants or the UEC replacement warrants.

39. As and for their sixth affirmative defense, Defendants allege that Plaintiff's rights and remedies, if any, are limited by the express terms of the Concentric Warrants, including, but not limited to, section 2(d) of the Concentric Warrants.

40. As and for their seventh affirmative defense, Defendants allege waiver.

41. As and for their eighth affirmative defense, Defendants allege estoppel.

42. As and for their ninth affirmative defense, Defendants allege laches.

43. As and for their tenth affirmative defense, Defendants allege that Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, and/or improper claim-splitting.

44. As and for their eleventh affirmative defense, Defendants allege bad faith and unclean hands on the part of Plaintiff.

45. Defendants reserve the right to seek leave of court to allege any other and further affirmative defense as may become evident during the course of discovery herein.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, Plaintiff taking nothing thereby, awarding Defendants their reasonable attorneys' fees and costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury in this action of all issues so triable.

DATED: New York, New York
September 11, 2015

                                      Respectfully submitted,

                                      DICKINSON WRIGHT PLLC

                                      By: /s/ John Fellas
                                      Michael S. Rubin, *Pro Hac Vice*
                                      Anne L. Tiffen, *Pro Hac Vice*
                                      Charles S. Price, *Pro Hac Vice*
                                      1850 North Central Avenue, Ste. 1400
                                      Phoenix, Arizona 85004
                                      Telephone: 602-285-5000

                                      John Fellas
                                      Hagit Elul
                                      HUGHES HUBBARD & REED LLP
                                      One Battery Park Plaza
                                      New York, NY 10004-1482
                                      Telephone: 212-837-6000
                                      Fax: 212-422-4726

                                      Attorneys for Defendants Uranium Energy Corporation and UEC Concentric Merge Corporation