LAW OFFICES
# KENNETH A. ZITTER
260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 532-8000



March 3, 2017

Honorable Victor Marrero
United States District Judge
United States District Courthouse
500 Pearl Street
New York, NY 10007

Re: Westminster Securities Corporation *et al.* v. Uranium Energy Corporation *et ano.*
15 CV 04181 (VM) (GWG)

Dear Judge Marrero:

We are counsel to Plaintiffs in the captioned matter. We request a pre-motion conference regarding Plaintiffs' proposed motion to dismiss certain of the Affirmative Defenses alleged by Defendants.[1]

As the Court may recall, Plaintiffs were holders of Defendant Uranium Energy Corporation's ("UEC") Warrants (the "Warrants"). Plaintiffs received those Warrants in exchange for their warrants in Concentric Energy Corporation ("CEC") when UEC and CEC merged in September 2011. As CEC's successor, UEC was bound by the terms of the CEC Warrants, including the anti-dilution provisions thereof. Plaintiffs claim that the anti-dilution provisions of the CEC warrants were triggered in August 2009, as a result of which Plaintiffs received fewer UEC Warrants, with a higher exercise price, than Plaintiffs were otherwise entitled to receive. Plaintiffs seek damages for the difference in value between the UEC Warrants they should have received in September 2011 and the UEC Warrants they actually received. Alternatively, Plaintiffs seek the number of shares of UEC stock which should have been issued on a cashless basis on December 31, 2012, the date the Warrants expired, in accordance with the express terms of the Warrants.

---

[1] Discovery in this matter has been completed. By order dated January 6, 2017, Magistrate Judge Gorenstein set March 3 as the date for the parties to submit their letters requesting a pre-motion conference with respect to any dispositive motions. Although Plaintiffs' motion will not dispose of the entire case, the motion will dispose of many of the alleged affirmative defenses, simplify and shorten the trial of this matter. The Court has consolidated the two substantially identical actions brought by different Warrant holders. The Affirmative Defenses alleged in both Answers are identical.

The Second Affirmative Defense alleges that the UEC Warrants expired on December 31, 2012. The Complaints allege breach of contract claims arising from UEC's breach of the terms of those Warrants both prior to and upon their expiration. There is, therefore, no legal basis for a defense that the mere expiration of the Warrants releases previously accrued contract claims.

The Fourth Affirmative Defense alleges that Plaintiffs allegedly failed to meet unspecified conditions precedent. There are no conditions precedent which Plaintiffs allegedly failed to comply with and which would constitute a defense to the breach of contract claims asserted.

The Fifth Affirmative Defense alleges that Plaintiffs allegedly failed to exercise timely unspecified rights they may have had with respect to the Concentric warrants or the UEC Warrants. Although Defendants have adverted during the course of the litigation to statutory dissenters' rights to which those who did not approve of the merger may have had recourse, such rights are available only to shareholders who are dissatisfied with the amount they received for their shares in a merger. See, e.g., Nevada Revised Statutes Chapters 78 and 92A, New York Business Corporation Law §623. See also CEC's Proxy Statement, p. 6, in which the statutory rights available to shareholders who do not approve of the UEC-CEC merger are set forth. Plaintiffs are warrant holders and, therefore, have no statutory dissenters' rights with respect to their Warrants. There is, therefore, simply no basis to bar Plaintiffs' breach of contract claims based upon any statutory dissenters' rights which shareholders may enjoy.

The Sixth Affirmative Defense alleges that Plaintiffs' rights and remedies are limited by the express terms of the Concentric Warrants, specifying only section 2(d) thereof. That section places limits on the number of shares which CEC can issue upon exercise of the CEC Warrants to comply with certain SEC rules and regulations. Plaintiffs seek damages relating to the loss in the value of their Warrants because UEC failed to issue the proper number of Warrants with the proper exercise price. That loss of Warrant value is unrelated to any issuance of shares of stock and, therefore, section 2(d) provides no defense. To the extent Defendants assert other provisions of the Concentric Warrants as affirmative defense to Plaintiffs' claims, Defendants at this point in the litigation should at least be required to specify those sections.

The Tenth Affirmative Defense is now limited only to *res judicata*.[2] That defense is, presumably, based upon Plaintiffs' alleged failure to assert in the Arizona Action the claims asserted herein. In connection with the settlement of the Arizona Action at the end of March 2016,[3] the parties executed a Settlement Agreement and Mutual Release (the "Settlement Agreement") and a related withdrawal of the Arizona Action with prejudice. The Settlement

---

[2] By letter to me dated March 1, 2017, Defendants have withdrawn that portion of their Tenth Affirmative Defense alleging collateral estoppel and improper claim splitting.

[3] The New York Action was commenced in June 2015 and was ongoing for ten months when the Arizona Action was settled. Defendants have continued actively to litigate this case.

2

Agreement expressly provides: ". . . [A]ny claims in the New York Action for damages or otherwise based on the alleged failure of UEC and CEC to include certain provisions of the of the Concentric Warrants in the replacement warrants are not released. It is the intention of the UEC Entities and the Plaintiffs that nothing contained herein shall in any way limit Plaintiffs' prosecution of their claims in the New York Action." Indeed, Defendants, in their March 1, 2017 letter to me stated: "That dismissal and the release cover any and all claims which were or could have been asserted in the Arizona action, subject to the proviso in the release excepting the specific claims that had been asserted in the New York case as of the date of the settlement agreement." Such expressed intention that the New York claims should continue negates any *res judicata* defense.[4]

Additionally, *res judicata*, under Arizona law,[5] would not bar the claims asserted herein. Under Arizona law, "The plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action."[6] Similar, but distinct claims, based upon different facts, are not precluded by *res judicata* in the second action.[7] "If no additional evidence is needed to prevail in the second action than that needed in the first, then the second action is barred."[8] Because no claims in the Arizona Action were based upon a dilutive issuance occurring prior to the UEC-CEC merger, additional evidence would be required to resolve the claims asserted herein. Under Arizona law, therefore, *res judicata* does not bar the claims herein.

---

[4] See *In re MSR Resort Golf Course, LLC*, 515 B.R. 36, 45-47 (Bankr., S.D.N.Y. 2014 (applying Arizona law), "When examining an alleged breach of contract that was the subject of prior litigation, Arizona courts look to whether there was an intent to reserve matters for future litigation."; Restatement (Second), *Judgments*, §26(1)(a) (1982). If, as here, there was such expressed intent that the claim in the New York Action should continue, *res judicata* does not bar the claims.

[5] Arizona law is the relevant law for determining *res judicata*. Federal courts must give the same preclusive effect to state court decisions as the state court would give. 28 U.S.C. 1738; thus the issue of binding effect is governed by the law of the State of the prior action. *Cowan v. Ernest Codelia, P.C.*, 2001 WL 856606 at *4, 6 (S.D.N.Y. July 30, 2001).

[6] *Peterson v. Newton*, 232 Ariz. 593, 595, 307 P.3d 1020, 1022 (Ct. App. 2013).; *Pettit v. Pettit*, 218 Ariz. 529, 532, 189 P.3d 1102, 1105 (Ct. App. 2008)

[7] *Rand v. City of Glendale*, 2008 WL 5383363 at *5, 2008 Ariz. App. LEXIS 232 at *15 (Ariz. Ct. App. Dec. 26, 2008).

[8] *Phoenix Newspapers, Inc. v. Dep't. of Corr., State of Ariz.*, 188 Ariz. 237, 240-42, 934 P.2d 801, 804-06, (Ct. App. 1997).

3

*Res judicata* is unavailable as a defense for other reasons. Plaintiffs moved to amend their Arizona complaint to assert the claims herein asserted. The Arizona court denied the motion because the court believed that inordinate delay would result. The court did not preclude Plaintiffs from asserting the claims elsewhere. Indeed, one of the Arizona Defendants argued that a forum selection clause would bar Plaintiffs' proposed claims in Arizona. See Restatement (Second), *Judgments*, §26(1)(c). Plaintiffs attempt to assert their claims in Arizona which was denied on procedural grounds should not bar the substantive assertion of those claims in New York.

For the foregoing reasons, the Court should dismiss the identified Affirmative Defenses.

Respectfully submitted,

Kenneth A. Zitter

KAZ/nr
by fax: 212-805-6382
cc: Michael Rubin, Esq.
    by email

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs.

SO ORDERED.

3-3-17
DATE

VICTOR MARRERO, U.S.D.J.