United States District Court
Southern District of New York
-------------------------------------------------------x
Westminster Securities Corporation,
David R. Holbrooke, M.D., AWM Holdings,
LLC and John O'Shea,                                    15 Civ. 04181(VM)(GWG)

                       Plaintiffs,

      v.

Uranium Energy Corporation and
UEC Concentric Merge Corporation,

                       Defendants.
-------------------------------------------------------x

Plaintiffs' Sur-Reply Memorandum of Law In Opposition
to Defendants' Motion to Withdraw their Jury Demand

Law Offices of Kenneth A. Zitter
Attorneys for Plaintiffs
   Westminster Securities Corporation,
   David R. Holbrooke, M.D., AWM
   Holdings, LLC and John O'Shea
260 Madison Avenue - 18th Floor
New York, New York 10016
212-532-8000

Table of Contents

Table of Authorities ............................................................. ii

Preliminary Statement ........................................................... 1

Point 1 .......................................................................... 2

    CEC Did Not Waive A Jury ................................................. 2

Point 2 .......................................................................... 3

    UEC Cannot Utilize Any Jury Waiver Contained In The
    SPA Because UEC Contends That The CEC Warrants
    And The SPA Were Extinguished In September 2011 ......................... 3

Point 3 .......................................................................... 7

    UEC Has Waived The Benefits of Any Prior Jury Waiver .................... 7

Point 4 .......................................................................... 9

    It Is Unfair To Allow UEC To Withdraw Its
    Jury Demand For Its Own Strategic Purposes .............................. 9

Point 5 ......................................................................... 10

    Plaintiffs Set Forth The Proper Legal Standard For Waiver Of A Jury Trial ......... 10

Conclusion ..................................................................... 11

Table of Authorities

*Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 57 S. Ct. 809, 81 L. Ed. 1177 (1937) ............ 11

*Baez v. Prospect Mortg., LLC*, 2014 U.S. Dist. LEXIS 50295 (E.D.N.Y. Apr. 9, 2014) ..... 10

*Bellmore v. Mobil Oil Corp.*, 783 F.2d 300 (2d Cir. 1896). ........................ 10

*Callanan Indus., Inc. v. Micheli Contracting Corp.*,
508 N.Y.S.2d 711 (4th Dept. 1986) ............................................. 4

*Coleman v. Lazy Days RV Ctr., Inc.*,
2007 WL 2696789 (M.D. Fla. Sep. 12, 2007) ..................................... 8

*Kirsch v. Brightstar Corp.*, 2014 WL 5166527 (N.D. Ill. Oct. 10, 2014) ................... 8

*Landmark Fin. Corp. v. Fresenius Med. Care Holdings, Inc.*,
863 F. Supp.2d 118 (D. Mass. 2012) ............................................ 9

*Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007) ............. 10

*National Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255 (2d Cir. 1977) .................... 11

*Postnet Int'l Franchise Corp. v. Amercis Int'l, Inc.*,
2006 U.S. Dist. LEXIS 42794 (D. Colo. June 26, 2006) ............................. 3

*Sapp v. Propeller Co., LLC*, 12 A.D.3d 218,
784 N.Y.S.2d 532 (1st Dept. 2004) ............................................. 9

*Texas v. Penguin Grp. (USA) Inc.*,
2013 U.S. Dist. LEXIS 58925 (S.D.N.Y. Apr. 24, 2013) ............................ 10

*Tray-Wrap, Inc. v. Six L's Packing Co.*, 984 F.2d 65 (2d Cir. 1993) ..................... 11

*Wendy's of Bowling Green, Inc. v. Marsh USA, Inc.*,
No. 3-10-1043, 2012 WL 370486 (M.D. Tenn. Feb. 3, 2012) ......................... 8

Federal Rules of Civil Procedure:

Rule 38 .................................................................. 6, 10

Rule 38(d) .............................................................. 1, 2


Wright & Miller, *Federal Practice and Procedure, Civil 3d*, §2321 (2008 ed.) ............ 10

## Preliminary Statement

Plaintiffs Westminster Securities Corporation ("Westminster"), David R. Holbrooke, M.D. ("Holbrooke"), AWM Holdings, LLC ("AWM Holdings") and John O'Shea ("O'Shea") (together "Plaintiffs") submit this Sur-Reply Memorandum of Law in opposition to Defendants' motion to withdraw their jury demand (both Defendants will be referred to together as "UEC").

UEC's motion to withdraw its jury demand must be denied because:

i) Concentric Energy Corporation ("CEC"), UEC's predecessor in interest, never signed the SPA and, therefore, never waived a jury. UEC's designation of a jury at the inception of this case, therefore, was perfectly proper and, under Rule 38(d), cannot be withdrawn without Plaintiffs' consent; and

ii) UEC contends that the CEC Warrants and the SPA were extinguished in September 2011 upon the issuance of the UEC Exchange Warrants. Any jury waiver contained in the SPA or incorporated by reference in the CEC Warrants, therefore, was extinguished and can not be relied upon by UEC to support its motion to withdraw; and

iii) UEC's designation of a jury in its Answer and its affirmative agreement to a jury codified in the Scheduling Order at the inception of this case, together with its long delay in moving to withdraw the jury demand, constitute a

waiver of whatever contractual right to a bench trial UEC may have had prior to the institution of this suit; and

iv) UEC does not deny that it is seeking to change the trier of fact after close of fact discovery for its own tactical purposes. It is, therefore, unfair to permit UEC to withdraw the jury designation at this point because the federal rules require the parties to determine the trier of fact at the inception of a case.

If UEC did not itself waive a jury prior to the inception of this case (which it did not), or cannot avail itself of any jury waiver by its predecessor CEC, then there is no basis to allow UEC to withdraw its jury demand. Rule 38(d) is explicit - "A proper demand may be withdrawn only if the parties consent." Absent a prior jury waiver by UEC or on the part of CEC of which UEC could avail itself, UEC's jury demand was proper. Without Plaintiffs' consent, which has not been obtained, it cannot be withdrawn. In any event, UEC waived any contractual right to a bench trial.

## Point 1

### CEC Did Not Waive A Jury

CEC never signed the SPA and, therefore, it never signed the jury waiver provision contained therein. Although UEC has apparently located (among the over 200,000 documents

produced in the Arizona litigation) signature pages to the SPA signed by Plaintiffs, there is no signature page to the SPA signed by CEC. Exhibit B to UEC's Reply Memorandum is an unsigned copy of the SPA bearing no Bates numbers. Exhibit C to that memorandum contains three sets of signature pages bearing the following Bates numbers: 44778-79 for John O'Shea, 44747-48 for AWM Holdings and 44768-69 for David Holbrooke. There is no SPA signature page signed by CEC.[1] Because CEC did not sign the SPA, it did not waive a jury in that document. UEC, as CEC's successor, therefore, cannot rely on a signed SPA to establish that it or its predecessor waived any right to a jury trial.

### Point 2

UEC Cannot Utilize Any Jury Waiver Contained In The
SPA Because UEC Contends That The CEC Warrants
And The SPA Were Extinguished In September 2011

UEC argues, in effect, that the jury waiver provisions of the SPA were incorporated by reference in the CEC Warrants which were signed by CEC (Reply Memo of Law, p. 2, lines 4-8).[2] Any such incorporation by reference would not avail UEC. UEC contends that the CEC Warrants and the SPA were extinguished upon the closing of the UEC-CEC merger in September 2011 and replaced by the UEC Exchange Warrants. One of UEC's main defenses to Plaintiffs'

---

[1] Plaintiffs do not contest that they transmitted their respective signature pages to CEC in connection with their purchase of CEC Debentures and Warrants.

[2] There is serious doubt whether incorporation of a jury waiver by reference is sufficient to constitute a valid jury waiver, particularly where, as here, the CEC Warrants do not specifically mention any jury waiver. See *Postnet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, 2006 U.S. Dist. LEXIS 42794 at *9 (D. Colo. June 26, 2006) ("Incorporation of the jury waiver clause by reference is not sufficiently conspicuous to be enforced.").

3

claims is that Plaintiffs' receipt and acceptance of the UEC Exchange Warrants, in place and stead of the CEC Warrants, constituted a novation. UEC so argued in its motion to dismiss the Complaint brought at the inception of this case on July 15, 2015 (Exhibit G to Zitter Affirmation submitted in opposition). UEC also asserted novation as the Third Affirmative Defense in its Answer (Exhibit A to Zitter Sur-Reply Affirmation) and again in its pre-motion letter to Judge Marrero dated March 3, 2017 seeking a pre-motion conference to bring a motion for summary judgment on that ground (among others) (Exhibit B to Zitter Sur-Reply Affirmation). In its prior motion and in its letter to the Court, UEC asserted that it is entitled to dismissal of Plaintiffs' claims, as a matter of law, based upon an alleged novation.

UEC contends (as is the law) that one element of a novation is the old agreements - in this case the CEC Warrants and the SPA - are extinguished and replaced in their entirety by the new agreement - i.e., the UEC Exchange Warrants.[3] In its brief submitted in connection with its initial motion to dismiss, UEC made the following points to establish that the CEC Warrants and the SPA were extinguished and replaced in their entirety by the UEC Exchange Warrants (Exhibit G to Zitter Affirmation submitted in opposition, p. 15):

---

[3] In its brief on the motion to dismiss (Exhibit G to Zitter Affirmation submitted in opposition, p. 13) UEC cited *Callanan Indus., Inc. v. Micheli Contracting Corp.*, 508 N.Y.S.2d 711, 712 (4th Dept. 1986) for the elements of a novation. ("A novation has four elements, each of which must be present in order to demonstrate novation: (1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract.") (emphasis added)

4

> \* The Merger Agreement [between UEC and CEC] (Paragraph 2.2(d)) defined the new warrants as the UEC <u>Exchange</u> Warrants, thus confirming that the UEC Exchange Warrants would be <u>exchanged</u> for, and <u>replace</u>, the Concentric Warrants (emphasis in Memo of Law);
>
> \* The Merger Agreement (Paragraph 2.2(d)) required the Concentric Warrants to "be <u>disposed of</u>" - i.e., <u>extinguished</u> - in exchange for the UEC Exchange Warrants (emphasis in Memo of Law; emphasis under the word "extinguished" added herein)
>
> \* The Merger Agreement (Paragraph 3.3(c)) required issuance of the UEC Exchange Warrants "against the delivery <u>and surrender</u> of the <u>agreements</u> and certificates representing the corresponding Concentric Warrants." (emphasis under "and surrender" in Memo of Law; emphasis under "agreements" added herein)

Because UEC asserts that the CEC Warrants and the agreements relating thereto (i.e., the SPA) were extinguished upon issuance of the UEC Exchange Warrants, any contractual right to a bench trial contained in those documents (which is the practical effect of a jury waiver) was also extinguished. UEC, indeed, admits that after the merger it and the CEC Warrant holders would no longer have any rights under the CEC Warrants. In the same brief UEC states (Exhibit G to Zitter Affirmation submitted in opposition):

> \* The UEC Exchange Warrants contained an explicit integration clause (Section 12), confirming that they merged "all prior . . . agreements" between the parties, and that no "covenants or other understandings" would be binding unless contained in the UEC Exchange Warrants.

Thus, according to UEC, any rights which CEC may have had under the CEC Warrants or the related SPA, including any right to a bench trial, were extinguished in September 2011 upon

delivery of the UEC Exchange Warrants. Any such rights, therefore, were no longer in effect in June 2015 when this case was commenced. According to UEC, only the terms of the UEC Exchange Warrants controlled after the merger. The UEC Exchange Warrants (annexed to the Zitter Sur-Reply Affirmation as Exhibit C) contain no jury waiver and no reference to any such waiver. At the time UEC designated a jury in this case, therefore, it had no prior contractual right to a bench trial. Its designation of a jury under Rule 38 was proper and cannot be withdrawn at this time.[4]

UEC argues that Plaintiffs, by alleging the venue provisions in the SPA as the basis for venue herein, thereby somehow confirmed the jury waiver provisions contained in the SPA even though UEC did not sign it. UEC argues that Plaintiffs cannot have it both ways - if they rely on the SPA for venue purposes, then they cannot avoid the jury waiver provisions thereof. In fact, it is UEC which is seeking to have it both ways. UEC, in its Answer filed after bringing its motion to dismiss the Complaint based upon novation, did not admit that the SPA was a valid and enforceable document with respect to venue. UEC responded to the venue allegations of the Complaint as follows (Exhibit A to Zitter Sur-Reply Affirmation):

> Answering paragraph 5 of the Complaint, Defendants admit that
> venue is appropriate in this District under 28 U.S.C. §1391(b),

---

[4]Even if Plaintiffs, prior to the institution of this lawsuit, had a contractual right to a bench trial, once UEC filed a jury demand Plaintiffs could, and did, waive any such right. By such waiver, Plaintiffs had a right to rely on UEC's designation of a jury which was perfectly proper. But even if Plaintiffs had no such reliance right (which they did), Plaintiffs independently designated a jury within the time limits set forth in Rule 38 when they agreed in writing to a jury in connection with the Scheduling Order. See Plaintiffs' Memorandum of Law in Opposition, p. 21.

> based upon the language of the written agreement upon which plaintiff bases its claims. Defendants deny each and every remaining allegation set forth in paragraph 5 of the Complaint not expressly admitted herein. (Emphasis added)

UEC does not admit that the venue provisions of the SPA govern or that the SPA is a document which continues to govern the parties' rights. UEC only admits that based upon a document which Plaintiffs allegedly assert as viable, venue is proper. UEC apparently made a strategic decision not to contest jurisdiction and venue, but without admitting the continuing viability of the SPA because to have done so would have negated its position that a novation occurred upon issuance of the UEC Exchange Warrants whereby the CEC Warrants and the SPA were extinguished. UEC cannot have it both ways - it cannot take the position that the SPA is no longer in existence for purposes of its novation defense, yet rely on the SPA with respect to any jury waiver contained therein.

Point 3

UEC Has Waived The Benefits of Any Prior Jury Waiver

Even assuming that UEC's claim of novation does not preclude its contractual right to a bench trial under the SPA (which it does), UEC's designation of a jury in its Answer, in the agreed upon Scheduling Order and its delay for almost a year and a half in bringing a motion to withdraw the jury designation until the close of fact discovery constitute a waiver of any such right.

UEC argues that the cases cited in Plaintiffs' Answering Memorandum of Law denying requests to withdraw jury demands simply establish that different courts have reached different results (UEC's Reply Memorandum of Law, p. 6, lines 3-6) on the issue of withdrawing a jury demand. That is an inaccurate characterization of those cases. Those cases establish that a jury demand, and particularly a jury demand coupled with an agreement to a jury in a scheduling order, can, and in this case should, operate as a waiver of a prior contractual right to a bench trial. Indeed, UEC's Reply Memorandum of Law does not even address the waiver issue.

UEC fails adequately to distinguish the cases cited by Plaintiffs to support UEC's waiver of any contract right to a bench trial. Thus in *Coleman v. Lazy Days RV Ctr., Inc.*, 2007 WL 2696789 (M.D. Fla. Sep. 12, 2007), the court noted only the designation of the case as a jury trial at its inception, the passage of two years, and the designation of the case as a jury trial in the case management report in stating its holding that there was a waiver of the contractual agreement to a bench trial. In that case the plaintiff filed the jury demand and it was the defendant who was seeking to strike the demand. In this case, it was UEC itself who requested to jury at the inception of the case and waited almost a year and a half before moving to strike its own demand, making the case for waiver even stronger herein. The language of the agreed upon Scheduling Order in this case is particularly instructive: "This case is to be tried to a jury." That is very clear and strong language which, Plaintiffs respectfully submit, should compel this Court to find waiver of any right to a bench trial.

UEC does not even attempt to distinguish *Wendy's of Bowling Green, Inc. v. Marsh USA, Inc.*, No. 3-10-1043, 2012 WL 370486, at *6 (M.D. Tenn. Feb. 3, 2012) *Kirsch v. Brightstar Corp.*, 2014 WL 5166527, at *3–4 (N.D. Ill. Oct. 10, 2014), all of which found waiver of a prior contractual right to a bench trial. *Sapp v. Propeller Co., LLC*, 12 A.D.3d 218, 219, 784 N.Y.S.2d 532, 533 (1st Dept. 2004) noted that a mere delay in moving to strike an adversary's jury demand can be sufficient to find waiver ("In this regard, we note that even delay in moving to strike an adversary's jury demand may preclude a party from relying on a contractual waiver of the right to trial by jury.") Plaintiffs respectfully submit that by its actions after the commencement of this case, UEC has waived whatever prior contractual rights it may have had to a bench trial.

Point 4

It Is Unfair To Allow UEC To Withdraw Its
Jury Demand For Its Own Strategic Purposes

In Point 3 of Plaintiffs' Memorandum In Opposition, Plaintiffs argued that UEC was now seeking, at the close of fact discovery, to change the trier of fact based upon its own strategic considerations because the testimony developed during fact discovery was not as UEC had anticipated. Plaintiffs detailed the manner in which the testimony did not develop as UEC had anticipated (see Plaintiffs' Memorandum of Law In Opposition, p. 18 and particularly note 11). In its reply papers, UEC does not dispute that it is seeking to change the trier of fact to suit its own strategic purposes. As noted in *Landmark Fin. Corp. v. Fresenius Med. Care Holdings, Inc.*, 863 F. Supp.2d 118, 121 (D. Mass. 2012), one of the cases relied on by UEC (UEC's

9

Moving Memorandum of Law, p. 6) and cited by Plaintiffs at p. 17 of their Memorandum of Law in Opposition, the Court made very clear that allowing a party to withdraw a jury demand because it perceives that it would be better off with a bench trial is improper.

UEC has cited no case where the party moving to withdraw a jury demand did so at the end of discovery with the purpose of obtaining a tactical advantage. UEC does not contest that its attempt to withdraw its jury demand is motivated by its own tactical considerations. Its motion should, therefore, be denied.

Point 5

Plaintiffs Set Forth The Proper Legal Standard For Waiver Of A Jury Trial

UEC argues (Reply Memorandum of Law, p. 4) that Plaintiffs misstate the standard for waiver of a jury trial, citing to Wright & Miller, *Federal Practice and Procedure, Civil 3d*, §2321 and *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 307 (2d Cir. 1896). That section of Wright & Miller deals with waivers by failing to follow the procedures under Rule 38. With respect to contractual jury waivers, as set forth at page 6 of Plaintiffs' Memorandum of Law In Opposition (which also cites that same section of Wright & Miller in note 4), the party seeking enforcement of the waiver (UEC in this case) bears the burden of proving that the waiver was knowing, intentional and voluntary. See, *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) ("Although the right is fundamental and a presumption exists against its waiver, a contractual waiver is enforceable if it is made knowingly, intentionally,

10

and voluntarily."); *Baez v. Prospect Mortg., LLC*, 2014 U.S. Dist. LEXIS 50295 (E.D.N.Y. Apr. 9, 2014) at *7 ("One basis upon which the court may make such a finding is if the requesting party has "knowingly and intentionally" waived its right to a jury trial."); *Texas v. Penguin Grp. (USA) Inc.*, 2013 U.S. Dist. LEXIS 58925 (S.D.N.Y. Apr. 24, 2013) at *19, *20 ("The right to a jury is 'fundamental,' and 'its protection can only be relinquished knowingly and intentionally.' *National Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977). Any conduct said to constitute a waiver thus 'must be clear and unequivocal, as waivers are never to be lightly inferred.' *Tray-Wrap, Inc. v. Six L's Packing Co.*, 984 F.2d 65, 68 (2d Cir. 1993); see also *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S. Ct. 809, 81 L. Ed. 1177 (1937) (a court should "indulge every reasonable presumption against waiver").

## Conclusion

For the foregoing reasons and for the reasons set forth in Plaintiffs' initial Memorandum of Law In Opposition, the Court should deny Defendants' motion to withdraw the jury demand.

Respectfully submitted,
Law Offices of Kenneth A. Zitter

By_____
Kenneth A. Zitter
Attorneys for Plaintiffs
260 Madison Avenue, 18th Floor
New York, New York 10016
212-532-8000
KAZ-3195