
D+F

LAW OFFICES
**KENNETH A. ZITTER**
260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 532-8000

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4/7/17
```

April 5, 2017

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Courthouse
500 Pearl Street
New York, NY 10007

      Re: <u>Westminster Securities Corporation *et al.* v. Uranium Energy Corporation *et ano.*</u>
            15 CV 04181 (VM)(GMG)

Dear Judge Gorenstein:

      We represent Plaintiffs in the captioned matter. We write to request permission to file an amended expert's report in this matter. The expert's report relates solely to the calculation of Plaintiffs' damages. A copy of the proposed amended report is enclosed.

      The status of this case is as follows: Fact discovery ended on September 30, 2016. Expert's Reports on the issue of damages were initially exchanged on November 18. Defendants submitted a change to their initial report at the beginning of December. Plaintiffs submitted an updated and modified version of only one of their expert's reports on December 15 (Plaintiffs had originally submitted two related reports), believing that it would simplify the case if they pursued only one report. The experts' depositions took place on February 22 and 23, 2017. Plaintiffs now believe that it is necessary for them to update and modify the second report along the same lines as the first report (I so informed Defendants' counsel ten days ago but it took a longer than anticipated to have the final copy of the updated report). We requested Defendants to consent to the submission of such updated report and work out a schedule for any response and/or depositions, if necessary. Defendants refused to consent.

      Allowing Plaintiffs to submit the updated and modified second report will not delay this case nor will it prejudice Defendants. No trial date has yet been set by Judge Marrero. It is unlikely, as hereafter set forth, that a trial date will be set in the near future, thus allowing more than sufficient time to complete any additional expert discovery. The parties submitted their pre-motion letters regarding dispositive motions to Judge Marrero on March 3, 2017. In a telephone conference on March 30, 2017, Judge Marrero, pursuant to Defendants' request, granted Defendants until April 30 to determine if they will bring a summary judgment motion. Judge

Marrero, in response to Plaintiffs' motion to strike certain affirmative defenses, also required Defendants to re-plead certain of them. If Defendants choose to bring a summary judgment motion, then no trial can be scheduled until after Judge Marrero determines the motion. Plaintiffs may also decide to request Judge Marrero to strike any amended affirmative defenses upon Defendants' re-pleading. Defendants' motion to withdraw their jury demand is still pending before Your Honor. Defendants in a letter to Your Honor have requested additional time to submit a response to the sur-reply papers on the jury withdrawal motion which Plaintiffs submitted yesterday pursuant to Court Order. Subject to Your Honor's approval, Plaintiffs have no objection to Defendants submitting such additional papers.

Plaintiffs respectfully submit that they should not be precluded from presenting all their damages calculations at trial simply because they did not update and modify their original second report until now, when allowing such amendment will not delay the trial. Nor are Defendants prejudiced by allowing Plaintiffs to update and modify their experts' report now. The issues involved in updating and modifying the second report are largely the same as were involved in the first report. Plaintiffs clearly could have submitted the updated and modified second report earlier.

Pursuant to plans made several months ago, I am leaving the country tomorrow evening and will not return to New York until April 20. Given the time change and the upcoming holiday, I may not be available at all times to communicate with the Court. Should the Court need to contact me, please communicate with my colleague, Lauren Cramer. I will make every effort to respond to the Court as quickly as possible. I thank Your Honor for your understanding.

I am enclosing with this fax only the text of the proposed second report. There are approximately twenty pages of exhibits to the report which I will send by hand tomorrow morning along with a full copy of the proposed report. I have already send by email a full copy of the proposed report to Defendants' counsel.

Respectfully submitted,

Kenneth A. Zitter

KAZ/nr
by fax
cc: Michael Rubin, Esq. (by email).

**Douglas I Schwartz LLC**
Douglas I Schwartz, CPA/CFF/CGMA, CFE
851 Franklin Lake Road
Suite 103
Franklin Lakes, New Jersey 07417
discpa@dschwartzcpa.com
(w) 201.300.8400
(c) 908.400.4914

### Expert's Report

### Plaintiffs' Damages Resulting From Defendant's Failure to Deliver UEC Common Shares upon Maturity of the UEC Exchange Warrants on December 31, 2012

I. Douglas I Schwartz, LLC, has been engaged by Westminster Securities Corporation ("Westminster"), David R. Holbrooke, M.D ("Holbrooke"), AWM Holding, L.L.C. ("AWM Holding") and John O'Shea ("O'Shea") (collectively "Plaintiffs") to value the Uranium Energy Corporation ("UEC") common stock that Plaintiffs should have received upon the automatic cashless exercise of UEC Exchange Warrants ("UEC Exchange Warrants"), which Plaintiffs should have received, which common stock the Plaintiffs should have received, upon the maturity of those warrants on December 31, 2012.

This report replaces the expert report dated November 15, 2016. Subsequently, in part, as a result of information that I first learned of after November 15, 2016, modifications to the amount of common stock that Plaintiffs should have received upon the automatic cashless exercise of UEC Exchange Warrants and the related dilution factor that I employed in the November 15 report were made, and an additional blockage discount was needed to calculate the damages that each Plaintiff suffered.

Accordingly the value of those shares and damages the Plaintiffs suffered is as follows (Attachment A):

1. Holbrooke - $7,417,814

2. AWM Holding - $7,417,814

3. O'Shea - $7,417,814

4. Westminster - $7,417,814

## II. Key Documents or Data Relied Upon

1. Common Stock Purchase Warrant Agreement - Concentric Energy Corporation. Initial Exercise Date: December 31, 2008. Termination Date: December 31, 2012.

2. Prices and Trading Volume of UEC Common Stock as reported by Bloomberg L.P. and Yahoo Finance.

3. Uranium Energy Corp. Form 10-Q for the quarter ended October 31, 2012. Provided the number of shares of common stock outstanding on December 5, 2012; one of two dates closest to the termination date of the UEC Exchange Warrants, formerly the CEC common stock purchase warrants, of December 31, 2012.

4. Uranium Energy Corp. Form 10-Q for the quarter ended January 31, 2013. Provided the number of shares of Uranium Energy Corp. common stock outstanding on March 7, 2013; one of two dates closest to the termination date of the UEC Exchange Warrants, formerly the CEC common stock purchase warrants, of December 31, 2012.

5. UEC Form 8K, dated May 5, 2011, Disclosure Schedule of Concentric Energy Corp. - Part 10 Section 4.1(b)(l) of the Concentric Disclosure Schedule, Merger Agreement & Plan of Merger between UEC and Concentric – Outstanding Warrants.

6. Uranium Energy Corp., Form 10-Q for the quarters ended October 31, 2011, January 31, 2012 and April 30, 2012, including notes to the financial statements, Note 14: Convertible Debentures and Note 16 Subsequent Events (as attached hereto).

7. Schedule of Settlements with Debenture Holders including UEC email dated February 28, 2012 from Mark Katsumata to Ralph Ketttell (as attached hereto).

## III. Key Assumptions

1. A dilutive issuance under the terms of the CEC Warrants occurred prior to the merger of CEC and UEC, as a result of which the exercise price of the CEC Warrants was reduced from $1.00 to S.001.

2. The UEC Exchange Warrants that Plaintiffs should have received at an exercise price of $.0102 should have been automatically exercised on a cashless basis upon their maturity on December 31, 2012.

3. Each Plaintiff would sell his/her shares of UEC common stock equally in the first two quarters of 2013.

2

IV. Qualifications

   See Attachment B

V. Prior Testimony

   See Attachment B

VI. Statement of Compensation

   Plaintiffs agreed to pay fees for all work performed of approximately $31,000. To date, all fees have been paid.

Dated: April 5, 2017

**Douglas I Schwartz, LLC**

By _____
   Douglas J Schwartz, CPA/CFF/CGMA, CFE