LAW OFFICES
**KENNETH A. ZITTER**
260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 532-8000

```
USDC SDNY
DOCUMENT
ELECTR[ONICALLY FIL]ED
DOC #
DATE FILED: 4/7/17
```

April 5, 2017

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Courthouse
500 Pearl Street
New York, NY 10007

    Re: <u>Westminster Securities Corporation *et al.* v. Uranium Energy Corporation *et ano.*</u>
        15 CV 04181 (VM)(GMG)

Dear Magistrate Judge Gorenstein:

    We represent Plaintiffs in the captioned matter. We respond to the letter to Your Honor from Michael Rubin, Esq. dated April 5, 2017 regarding the Sur-Reply papers which Plaintiffs submitted yesterday.

    The Order does not say what Mr. Rubin claims it says. Plaintiffs have complied with Your Honor's Order precisely. The Order directed the Plaintiffs to submit papers if they wish to contest any factual allegations or legal arguments. The Court required that Plaintiffs contest any factual allegations by sworn statement. Plaintiffs do not contest that the signature pages annexed to Defendants' reply papers were signed by Plaintiffs and submitted in connection with their purchase of Concentric debentures and warrants (see Sur-Reply Memorandum of Law, p. 3, note 1).

    Plaintiffs considered the reply papers as if they were original motion papers and responded with the legal arguments they would have made had Defendants included Plaintiffs' signature pages to the SPA in Defendants' initial motion papers. Plaintiffs should not be prejudiced in their submissions by Defendants' failure to include all relevant documents in their initial moving papers.

    It is now uncontested that Concentric never signed the SPA. UEC, therefore, as Concentric's successor, did not succeed to any agreement to a bench trial on Concentric's part. It is also uncontested that UEC asserts, and has asserted throughout this case, that the SPA and the Concentric Warrants were extinguished by the issuance of the UEC Warrants in September 2011. Any contractual right to a bench trial contained therein, therefore, was also extinguished well

before the institution of this case. The law is also clear, as set forth in the Sur-Reply Memorandum, that UEC's actions constitute a waiver of any prior contractual right to a bench trial, particularly because UEC does not deny that it moved to withdraw the jury demand after the close of fact discovery to suit its own tactical purposes.

Should the Court believe that it requires additional submissions from Defendants to determine the motion, Plaintiffs have no objection to the granting of such additional time.

Respectfully submitted,

Kenneth A. Zitter

KAZ/nr
by fax
cc: Michael Rubin, Esq. (by email)

2