04/14/2017 10:46 FAX 8446106009



**DICKINSON WRIGHT** PLLC

1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568
TELEPHONE: (602) 285-5000
FACSIMILE: (844) 670-6009
http://www.dickinsonwright.com

MICHAEL S. RUBIN
MRubin@dickinsonwright.com
(602) 285-5008

April 14, 2017



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/19/17

<u>Sent Via Fax: (212) 805-4268</u>

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>Westminster Securities Corp., et al. v. Uranium Energy Corp., et al.</u>
Case No. 1:15-CV-04181-(VM) (GWG)

Dear Judge Gorenstein:

This firm represents the Defendants (collectively referred to as "UEC") in the above-captioned matter. As authorized by the Court (Docket #64), this letter responds to the arguments raised by Plaintiffs for the first time in their Sur-Reply Memorandum in Opposition to Defendants' Motion to Withdraw Jury Demand ("Sur-Reply")(Docket #63).

First, we note that in its Order dated February 3, 2017 (Docket #54), the Plaintiffs were granted leave to file a Sur-Reply as to the issue of whether all of the Plaintiffs were bound by the terms of the Stock Purchase Agreement ("SPA") which contained the irrevocable waiver of jury trial. Docket #50, at 3 & Ex. C. With the exception of footnote 1 on page 3, the Sur-Reply does not address that issue. However, in footnote 1, the Plaintiffs state that they "do not contest that they transmitted their respective signature pages [to the SPA] to CEC in connection with their purchase of CEC Debentures and Warrants." Thus, Plaintiffs do not dispute that they signed the SPA.

Plaintiffs make two entirely new arguments in the Sur-Reply, neither of which supports their position that UEC's motion to withdraw its jury demand should be denied. Plaintiffs argue that CEC (the author of the SPA) never signed the document and therefore never waived a jury trial. Sur-Reply, at 1, 2-3. Secondly, Plaintiffs further contend that UEC cannot rely upon the jury waiver set forth in the SPA, in light of UEC's substantive position in this case that the 2011 merger between CEC and UEC and the issuance of exchange warrants by UEC extinguished the CEC warrants through the doctrine of novation. Sur-Reply, at 1, 3-7. The balance of this letter will demonstrate the lack of merit of each of those new arguments.

"Under New York law, 'a paper referred to in a written instrument and sufficiently described may be made a part of the instrument as if incorporated into the body of it.'" *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996) (citing *Jones v Cunard S.S. Co.*, 238 AD 172, 173, 263 N.Y.S. 769, 771(2d Dept 1933)). *See also Mayo v. Royal Ins. Co. of*

---
ARIZONA     FLORIDA     KENTUCKY     MICHIGAN     NEVADA
OHIO     TENNESSEE     TEXAS     TORONTO     WASHINGTON DC

The Honorable Gabriel W. Gorenstein
April 14, 2017
Page 2

*America*, 242 A.D. 2d 944, 945, 662 N.Y.S.2d 654 (N.Y. App. Div. 1997) ("While generally the purpose of a written instrument should be gleaned from the instrument itself, '[e]xtrinsic matters such as letters and other instruments may be construed as part of a contract where they are referred to therein or annexed thereto,'" quoting *Sbarra v. Totolis*, 191 A.D.2d 867, 870 (1993)); 11 Richard A. Lord, WILLISTON ON CONTRACTS § 30:25 (4th ed. 1999) ("When a writing refers to another document, that other document, or the portion to which reference is made, becomes constructively a part of the writing, and in that respect the two form a single instrument. The incorporated matter is to be interpreted as part of the writing. Although it is clear that whether one agreement has incorporated another has factual components, whether material has been incorporated presents a question of law").

While UEC has not located a copy of the SPA bearing a signature of CEC, there is no question that the SPA was repeatedly referenced in, and incorporated by, the CEC Warrant certificates. CEC signed and issued those Warrant certificates to the Plaintiffs, and indeed Plaintiffs' claims are based upon them. Further, it is equally clear that CEC publicly adopted and acknowledged the terms of the SPA in an SEC filing in August 2009.

The CEC Warrants at issue in this litigation[1] were granted by CEC as part of a debenture offering effective on December 31, 2008. As Plaintiffs now concede, they were required to execute the SPA in order to obtain the CEC Warrants. The CEC Warrants issued to each of the Plaintiffs was signed by the President of CEC. Docket #50, Ex. A, at 16. Moreover, the CEC Warrants made multiple references to the SPA. For example, Section 1 incorporates all of the defined terms of the SPA in the warrants. Docket #50, Ex. A, at 1. *See* also Section 2(c)(cashless exercise is governed in part by anniversary of the date of the SPA); Section 2(d)(exercise limitations governed by SPA); Section 4(a)(transfer rights are subject to section 4.1 of the SPA); Section 5(h)(notices are to be delivered in accordance with the SPA). Perhaps most significantly, Section 5(e) stated as follows:

> (e) Jurisdiction. All questions concerning the construction, validity, enforcement, and interpretation of this Warrant shall be determined in accordance with the provisions of the [SPA].

Thus, on the face of the CEC Warrants upon which Plaintiffs' claims are based (and which CEC signed), CEC expressly adopted the terms of the SPA. In addition, in its Amended S-1 filing in August 2009, CEC acknowledged that the SPA was entered into as part of the December 2008 Debenture transaction. Defendants Motion to Withdraw Jury Demand (Docket #43), Ex. A. Contrary to Plaintiffs' contention raised in their Sur-Reply, CEC was a party to and did agree to the terms of the SPA.

Plaintiffs' argument that UEC's "novation" defense precludes it from relying upon the jury waiver provision of the SPA is illogical and inconsistent with the claims they assert in this

---

[1] See Defendants' Reply in Support of Motion to Withdraw Jury Demand (Docket #50), Ex. A.

action. The sole basis of Plaintiffs' claims in this case is that CEC breached the terms of the CEC Warrants by failing to give notice of allegedly-dilutive stock issuances. Plaintiffs' claims are thus based upon the terms of the CEC Warrants, which in turn refer to the SPA. Those claims are subject to the terms of the SPA, including the jury trial waiver provision.

The SPA contains a provision whereby this District is named as the exclusive jurisdiction for claims arising under the SPA. No other document, including the Warrants, contains such a provision. Plaintiffs have taken full advantage of that forum selection clause in the SPA, stating in their complaints, "Venue is appropriate in this District under 28 USC §1391(b) in that it is the exclusive district in which <u>the parties agreed</u> that the claims asserted herein could be brought..." (Emphasis added)

A party cannot "accept benefits under [a] contract and then deny its existence." *Rubin v. Dairymen's League Co-operative Ass'n*, 259 A.D. 23, 25, 18 N.Y.S.2d 466, 469 (App. Div.), aff'd sub nom. *Rubin v. Dairymen's League Co-op. Ass'n*, 284 N.Y. 32, 29 N.E.2d 458 (1940), *see also Huisenga v Dairymen's League Co Operative Ass'n*, 258 A.D. 890, 890, 16 N.Y.S.2d 137, 138 (App. Div. 1939) (holding that plaintiff, having sued upon contract, was estopped from denying contract's validity as defense to defendant's counterclaims). Where a party "stands upon the validity of a contract . . . and affirms the validity of the contract by . . . participating in an action or proceeding to enforce a claim or right existing by virtue of the contract, he is precluded from avoiding [other terms in the contract]." *Housekeeper v. Lourie*, 39 A.D.2d 280, 283, 333 N.Y.S.2d 932, 936 (1972).

This latest round of briefing began when Plaintiffs claimed that they had not signed the document creating the jury waiver. That argument has fallen apart in light of the unambiguous documentation that has been presented to this Court. Plaintiffs "do not contest that they transmitted their respective signature pages [to the SPA] to CEC in connection with their purchase of CEC Debentures and Warrants." Plaintiffs' attempt to stuff two brand-new arguments into their Sur-Reply is likewise unavailing. Neither argument is valid under New York law, and neither suffices to defeat the jury waiver at issue in the present motion.

For the reasons stated above, Defendants respectfully request that the Court grant their Motion to Withdraw Jury Demand.

Very truly yours,

Michael S. Rubin
Attorneys for Defendants

cc: Kenneth A. Zitter, Esq. (via email)
PHOENIX 58243-2 354017v1

ARIZONA    FLORIDA    KENTUCKY    MICHIGAN    NEVADA
      OHIO    TENNESSEE    TEXAS    TORONTO    WASHINGTON DC