UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WESTMINSTER SECURITIES CORPORATION :
et al.,
                                                   :

                Plaintiffs,                      15 Civ. 4181 (VM) (GWG)
                                                   :
   -v.-                                              ORDER
                                                   :

URANIUM ENERGY CORPORATION et al.,   :

               Defendants.                  :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

In a letter dated April 5, 2017, plaintiffs seek permission to file an "amended" expert report (Docket # 65). The parties' expert reports were due on November 15, 2016, with any rebuttal reports due on December 15, 2016 (Docket # 46). Expert depositions were to be concluded by February 28, 2017 (Docket # 53).

Plaintiffs characterize their request as seeking to file an "amended" report but it would appear that the report develops an entirely new theory of the damages. Compare Expert's Report, dated Nov. 15, 2016 (attached as Ex. B to Docket # 70), with Expert's Report, dated Apr. 5, 2017 (attached to Docket # 65). In any event, while plaintiffs do not articulate the legal standard governing their application, it is to be found in Fed. R. Civ. P. 6(b)(1)(B), which provides a court may extend a deadline after it has expired "for good cause" and "if the [moving] party failed to act because of excusable neglect."

In their April 5 letter, plaintiffs provide only the most meager information as to why they waited until four months after the Court's deadline to seek to file a new expert report. It appears that the plaintiffs made a decision that they wanted to pursue the new theory of damages after expert depositions took place.

"'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) (footnote omitted). Indeed, excusable neglect "may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (citations and internal quotation marks omitted); accord Grewal v. Cuneo Gilbert & LaDuca LLP, 2017 WL 1215752, at *17 (S.D.N.Y. Mar. 31, 2017).

Thus, in deciding whether there has been excusable neglect, a court must look at "all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395. Under Rule 6(b), these circumstances include "[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (alterations in original) (internal quotation marks omitted) (quoting Pioneer, 507 U.S. at 395); accord In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 129 (2d Cir. 2011).

Here we believe that plaintiffs have passed this threshold, though only barely, provided they fully compensate defendants for the extra expenses that will be occasioned by plaintiffs' delay. With such compensation, we see no danger of prejudice. While the length of delay is significant, we do not believe it will have a significant — if any — effect on the trial date. We also conclude that plaintiffs acted in good faith as there would certainly have been no rational reason for them to intentionally hold back on pursuing the damages theory if they believed it to be valid. Of the four factors, only the reason for the delay weighs against the plaintiffs, mostly because it has not been explained. Nonetheless, we will grant the extension.

The extension, however, is conditioned on plaintiffs' bearing the following costs:

(1) The reasonable attorney time and expert time for reviewing the new report and deposing the expert on the new report;

(2) The reasonable travel expenses for the attorney to depose plaintiff's expert;[1]

(3) The transcription and other costs of the deposition;[2]

(4) The reasonable attorney time and expert time for producing any rebuttal report. The Court will not require that defendants' expert make himself available for a deposition as to that report.

The parties should attempt to agree on a schedule for the deposition and rebuttal report, if any, and provide it to the Court by letter on or before May 5, 2017. If they cannot agree on the schedule, they may present competing schedules.

---

[1] The Court assumes that the previous deposition of plaintiff's expert was not conducted telephonically and thus denies plaintiffs' request that the new deposition be conducted in that manner. We also deny plaintiffs' alternative request to hold the deposition "on the eve of trial," as this would obviously prejudice the defendants.

[2] Defendants refer to "video recording fees." If the defendants bore the cost of video recording fees for the previous deposition of experts, plaintiffs will be required to bear those costs for the new deposition.

Finally, the parties should attempt to agree on the reasonable expenses being ordered herein. Also, if defendants require the advancement of any expenses, the parties should attempt to reach agreement on this issue as well. If agreement cannot be reached, any disputes should be presented promptly to the Court for resolution by means of a jointly-composed letter that addresses each issue in dispute.

SO ORDERED.

Dated: April 28, 2017
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge