
DICKINSON WRIGHT PLLC

1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568
TELEPHONE: (602) 285-5000
FACSIMILE: (844) 670-6009
http://www.dickinsonwright.com

D+F

MICHAEL S. RUBIN
MRubin@dickinsonwright.com
(602) 285-5008

May 8, 2017

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/17
```

**Sent Via Fax: (212) 805-4268**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **Westminster Securities Corp., et al. v. Uranium Energy Corp., et al.**
Case No. 1:15-CV-04181-(VM) (GWG)

Dear Judge Gorenstein:

On behalf of the Defendants in the above-captioned matter, we respond to the letter dated May 4, 2017 from Plaintiffs' counsel requesting that the Court reconsider its award of expenses in its Order dated April 28, 2017. We respectfully request that the Court decline Plaintiffs' request for reconsideration.

In its April 28, 2017 Order, the Court made it clear that, in the Court's view, Plaintiffs "barely" met the threshold of establishing good cause for permitting them to disclose a new expert report more than four (4) months after the agreed upon and Court-ordered deadline for disclosure of expert opinions, and after expert depositions had been completed. Over Defendants' objections, and despite the recognized prejudice to the Defendants, the Court permitted the new expert disclosure, conditioned upon Plaintiffs' payment of the reasonable attorneys' fees, expert witness fees, and expenses that will be incurred by the Defendants to deal with that newly-disclosed report and damage theory.[1] Notwithstanding Plaintiffs' claims to the contrary, those conditions were fair and reasonable under the circumstances.

In their letter seeking reconsideration, Plaintiffs mischaracterize their own request that the Court granted. Plaintiffs were not requesting a mere "extension" of the expert witness disclosure deadline, as Plaintiffs now suggest, and no such request was refused by Defendants. Rather, months after that deadline expired, and after the completion of all expert discovery, Plaintiffs sought leave to submit a <u>new</u> expert report, expressing new and alternative opinions as to damages. Defendants objected because that new report was untimely and prejudicial. The Court agreed that granting the request would prejudice the Defendants in terms of substantial additional expenses, and imposed those expenses upon the Plaintiffs.

---

[1] In fact, Plaintiffs' counsel had notified Defendants' counsel in writing more than three (3) months earlier that Plaintiffs would not pursue that same theory of damages.

DICKINSON WRIGHT PLLC

The Honorable Gabriel W. Gorenstein
May 8, 2017
Page 2

Plaintiffs go to great lengths in their May 4 letter to the Court to explain how and why they "determined that they needed to revise and submit the December 12, 2012 damages calculations." See Plaintiffs' letter dated May 4, 2017, at 2-3. The purpose of that discussion is unclear, given the fact that the Court permitted Plaintiffs to submit their new report. Nevertheless, Plaintiffs' explanation is inaccurate, incomplete, and still fails to explain what they learned during the deposition of Defendants' expert about "Defendants' position on damages" that was not set forth in Defendants' expert reports. Indeed, Defendants' expert expressed consistent opinions as to the limited amount of Plaintiffs' damages, even assuming the existence of a dilutive issuance by Concentric, in his initial expert report and in his rebuttal report, both of which were in Plaintiffs' possession well before his deposition. Plaintiffs cite to nothing in Mr. Perry's deposition transcript that would support their vague assertion that the need for the new report revealed itself as a result of that deposition testimony.

In its April 28 Order granting Plaintiffs' request to submit a new expert report, the Court carefully, deliberately, and fairly set forth the expenses for which Plaintiffs would be responsible. Contrary to Plaintiffs' position, this Court's ruling in that regard was neither unfair nor an "improper penalty." Plaintiffs argue that some of the expenses awarded by the Court would have been paid anyway by Defendants if Plaintiffs had disclosed the "new" report in a timely manner. That is beside the point. None of those expenses would be incurred by the Defendants if the Court did not allow Plaintiffs to present a new report well after the expert disclosure deadline. It was a proper exercise of this Court's discretion to impose conditions upon the Plaintiffs to ameliorate the prejudice caused by the granting of their request. Items 1-4 in the Court's Order are all reasonable and should not be reconsidered.[2]

Pursuant to this Court's directive in its April 28 Order, on May 3, 2017, counsel for the Defendants provided Plaintiffs' counsel with a detailed breakdown of the attorney and expert time associated with reviewing the Plaintiffs' new report, preparing for and deposing Mr. Schwartz regarding the new report, and preparing a rebuttal report. In addition, the anticipated travel expenses relating to the deposition of Mr. Schwartz, as well as transcript and videography expenses were included. See Exhibit "A" attached hereto.[3] The parties have engaged in discussions regarding those expenses, but have not yet been able to reach an agreement. If such

---

[2] However, Defendants seek clarification of item 2, which requires Plaintiffs to pay the "reasonable travel expenses for the attorney to depose plaintiff's expert," whereas item 1 includes "reasonable attorney time and expert time for reviewing the new report and deposing the expert on the new report." When expert depositions were taken during the discovery period, both sides deemed it appropriate and necessary to have their expert sitting in on the deposition of the other side's expert. Defendants submit that item 2 should be clarified to confirm that it includes the expert's travel time as well.

[3] Travel expenses for Defendants' expert were included in the summary, for the reason discussed above.

DICKINSON WRIGHT PLLC

The Honorable Gabriel W. Gorenstein
May 8, 2017
Page 3

an agreement cannot be reached, it will be necessary to jointly present that issue to the Court by jointly-composed letter addressing each issue in dispute, as the Court directed in its Order.

Plaintiffs also seek reconsideration of that portion of the April 28 Order stating that [t]he Court will not require that defendants' expert make himself available for a deposition as to [the rebuttal] report." The Court was well within its discretion in so ordering, particularly as that was not relief that was sought in Plaintiffs' April 5 letter, and such a deposition would further increase the expenses to be incurred by Defendants as a result of the new report. Plaintiffs will receive a rebuttal report that will apprise them of any changes to Defendants' expert's opinions as a result of Plaintiffs' new report.

Based upon the foregoing, Defendants request that the Court deny Plaintiffs' request for reconsideration. In addition, because Plaintiffs' motion is not well-founded and simply asserts arguments that should and could have been made before, without justification for the untimeliness of such arguments, Defendant hereby respectfully request that the Court award Defendants their reasonable attorneys' fees and costs incurred in responding to Plaintiffs' request.

Very truly yours,

Michael S. Rubin
Attorneys for Defendants

MSR:tlf
cc: Kenneth A. Zitter, Esq. (via email)

PHOENIX 55243-2 368831v1



**FACSIMILE TRANSMITTAL SHEET**

1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568
TELEPHONE. (602) 285-5000
FACSIMILE· (844) 670-6009
http //www.dickinsonwright com

| Deliver To: | Company: | Fax Number: |
|---|---|---|
| Honorable Gabriel W. Gorenstein | United States District Court Southern District of New York | (212) 805-4268 |

**From:** Michael S. Rubin  **Date:** May 8, 2017

**Total Pages:** 4 (including cover sheet)

**Re:** Westminster v. Uranium Energy Corp. – Case No. 1:15-cv-04181

**Message:** Please see the attached correspondence in the above-referenced matter. Thank you.

PHOENIX 55243-2 329224v1

ARIZONA    FLORIDA    KENTUCKY    MICHIGAN    NEVADA
      OHIO    TENNESSEE    TEXAS    TORONTO    WASHINGTON DC