```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
WESTMINSTER SECURITIES CORPORATION   :
et al.,
                                     :
           Plaintiffs,                          15 Civ. 4181 (VM) (GWG)
                                     :
    -v.-                                        ORDER
                                     :

URANIUM ENERGY CORPORATION et al.,   :

           Defendants.               :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

     Plaintiffs have moved for reconsideration of the Court's Order of April 28, 2017. See Letter dated May 4, 2017, from Kenneth A. Zitter (Docket # 75). That Order (Docket # 72) required plaintiffs to pay certain expenses occasioned by their application to serve an amended expert report after the close of discovery. The Court will reexamine its April 28 Order de novo rather than under the reconsideration standard, see Local Civil Rule 6.3, because at the time plaintiffs made their application to amend the expert report (Docket # 65), plaintiffs had not been on notice that the Court was planning to award expenses in the event their application was granted.

     The purpose of the Court's April 28 Order was to lessen the prejudice occasioned by plaintiffs' untimely effort to amend their expert report. The April 28 Order viewed that prejudice as consisting not only of the need to re-depose experts on the new report but also of the defendants' need to prepare a new rebuttal report, which would include the time spent reviewing the plaintiffs' newly-produced report.

     After reading the parties letters (Docket ## 75, 76, 77, 78), and upon further reflection, the Court concurs in plaintiffs' argument that they could have properly presented the amended expert report in December and that, had they done so, the defendants' expert would have had to review the amended report and prepare an opinion for a rebuttal report at that time. In other words, those efforts would have had to have been undertaken even if plaintiffs had acted in a timely manner. Thus, the real damage to defendants caused by plaintiffs' untimely expert disclosure is defendants' need to redo the deposition of the plaintiffs' expert (and to defend any new deposition of their expert, if permitted).

     Plaintiffs also question the April 28 Order to the extent it did not permit plaintiffs to take a deposition relating to any rebuttal expert report submitted by defendants. The Court had instituted that condition in an effort to limit the further travel burden on defendants as well as the expenses and delay in this matter. But plaintiffs state they will depose defendants' expert

telephonically and the Court concludes that as long as plaintiffs will bear the defendants' reasonable costs of that deposition, the delay that will be occasioned by taking a second deposition of defendants' expert will not be significant.

Accordingly, the Court modifies its April 28 Order to rule that plaintiffs may take the telephonic deposition of defendants' expert if he produces a rebuttal report and that plaintiffs shall bear the following costs:

(1) The reasonable attorney time and expert time spent to prepare for and attend the deposition of plaintiffs' expert;

(2) the reasonable travel expenses for the defendants' attorney to attend the deposition of plaintiffs' expert;[1]

(3) the transcription and other costs of the deposition; and

(4) the reasonable attorney time and expert time to prepare for and attend the telephonic deposition of defendants' expert in the event he produces a rebuttal report.

If defendants intend to produce a rebuttal report, it shall be produced by May 19, 2017. Depositions of plaintiffs' and/or defendants' experts shall take place after that date and shall be completed by June 19, 2017. If this schedule is inconvenient, an extension may be sought as provided in paragraph 1.E of the Court's Individual Practices.

Defendants' request for attorney's fees (Docket # 77) is denied.

SO ORDERED.

Dated: May 12, 2017
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] Plaintiffs shall only be required to bear expenses commensurate with the expenses defendants bore to conduct the first expert deposition. Thus, no expenses for the defendants' expert to attend the new deposition will be permitted inasmuch as defendants' expert did not attend the first deposition.