UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WESTMINSTER SECURITIES CORPORATION  :
et al.,
                                                          :

                        Plaintiffs,                       :          15 Civ. 4181 (VM) (GWG)

                                                          :
           -v.-                                                      OPINION AND ORDER
                                                          :

URANIUM ENERGY CORPORATION et al.,        :

                        Defendants.                       :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Defendants have moved to withdraw their demand for a jury trial.[1]  Plaintiffs oppose this

motion, arguing that the demand cannot be withdrawn without their consent.  See Pls. Mem. at 7,

20-21.  For the following reasons, defendants' motion is granted and the demand for a jury trial

is deemed withdrawn.

---

[1] Defendants' Motion to Withdraw Jury Demand and/or Motion to Compel Plaintiffs to Consent to Withdrawal, filed Oct. 14, 2016 (Docket # 43) ("Defs. Mot."); Letter from Michael S. Rubin, filed Oct. 14, 2016 (Docket # 44); Affirmation, filed Nov. 22, 2016 (Docket # 47); Affirmation, filed Nov. 22, 2016 (Docket # 48) ("O'Shea Affirmation"); Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Withdraw Jury Demand, filed Nov. 22, 2016 (Docket # 49) ("Pls. Mem."); Reply in Support of Defendants' Motion to Withdraw Jury Demand and/or Motion to Compel Plaintiffs to Consent to Withdrawal, filed Dec. 23, 2016 (Docket # 50) ("Defs. Reply"); Memo Endorsed Letter from Kenneth A. Zitter, filed Feb. 24, 2017 (Docket # 55); Memo Endorsed Letter from Kenneth A. Zitter, filed Mar. 23, 2017 (Docket # 61); Sur-Reply Affirmation, filed Apr. 4, 2017 (Docket # 62); Plaintiffs' Sur-Reply Memorandum of Law in Opposition to Defendants' Motion to Withdraw Their Jury Demand, filed Apr. 4, 2017 (Docket # 63) ("Pls. Sur-Reply"); Memo Endorsed Letter from Michael S. Rubin, filed Apr. 6, 2017 (Docket # 64); Letter from Kenneth A. Zitter, filed Apr. 7, 2017 (Docket # 66); Letter from Michael S. Rubin, filed Apr. 19, 2017 (Docket # 68) ("Defs. Resp.").

# I.    BACKGROUND

This action seeks to enforce warrants to purchase shares in Concentric Energy Corporation ("CEC"), a corporation that later merged into defendant Uranium Energy Corporation ("UEC").  See Amended Complaint, filed July 30, 2015 (Docket # 17) ("Am. Compl."), ¶¶ 3, 6, 13.  Plaintiffs allege that UEC was bound by the terms of the CEC warrants. Id. ¶ 12.

Issuance of the warrants was accomplished by means of a "Securities Purchase Agreement."  See Concentric Energy Corp. Securities Purchase Agreement (attached as Ex. A to Defs. Mot.) ("SPA").  In the initial briefing, defendants provided proof that some, though not all, plaintiffs in this case signed the SPA.  See Purchaser Signature Pages to Concentric Energy Corp. Securities Purchase Agreement (attached as Ex. C to Defs. Reply) ("Signature Pages"); see also O'Shea Affirmation ¶ 3.  Ultimately, however, plaintiffs conceded that each plaintiff signed the SPA itself.  Pls. Sur-Reply at 3 n.1.  Additionally, and more to the point, plaintiffs conceded that they "transmitted their respective signature pages to CEC in connection with their purchase of CEC Debentures and Warrants."  Id.  A copy of one such warrant states that "[a]ll questions concerning the . . . enforcement . . . of this Warrant shall be determined in accordance with the provisions of the Purchase Agreement."  Common Stock Purchase Warrant (attached as Ex. A to Defs. Reply) ("Warrant"), § 5(e).  The "Purchase Agreement" referenced in this section is the SPA.  See id. § 1.  Additionally, all plaintiffs relied on one of the provisions of the SPA, section 5.9, to establish venue in New York.  See Am. Compl. ¶ 5; Complaint, filed July 30, 2015 (Docket # 1 in related case 15 Civ. 6087), ¶ 7; Pls. Mem. at 7 n.5.

The SPA contains a provision entitled "Waiver of Jury Trial," which provides: "In any action, suit or proceeding in any jurisdiction brought by any party against any other party, the

parties each knowingly and intentionally, to the greatest extent permitted by applicable law, hereby absolutely, unconditionally, irrevocably and expressly waives forever trial by jury." SPA § 5.21.

In their answer to the amended complaint, dated September 11, 2015, defendants demanded a jury trial. Defendants' Answer to the Amended Complaint of Plaintiff Westminster Securities Corporation, filed Sept. 11, 2015 (Docket # 22) ("Answer"), at 6. A proposed unsigned case management plan was presented to the Court by letter on September 25, 2015, which contained the statement "This case is to be tried to a jury." "[Proposed] Civil Case Management Plan and Scheduling Order," filed Sept. 25, 2015 (attached as Ex. 1 to Docket # 23). The Court "so ordered" this document on October 1, 2015. Civil Case Management Plan and Scheduling Order, filed Oct. 1, 2015 (Docket # 26).

While defendants had contemplated withdrawing their jury demand for "some time" before September 22, 2016, see Email from Michael S. Rubin, dated Sept. 22, 2016 (attached as Ex. B to Defs. Mot.), they did not seek to withdraw the jury demand until October 10, 2016, after fact discovery had closed. See Letter from Michael S. Rubin, dated October 10, 2016 (Docket # 41).

II.    DISCUSSION

The defendants argue that the parties, through the provisions of the SPA, waived their right to a trial by jury. As a result, the defendants argue, their request for a jury trial was not "proper" under Fed. R. Civ. P. 38(d) and therefore could be withdrawn without plaintiffs' consent. See Defs. Mot. at 3-4 & nn.1-2.

Plaintiffs appear to make three arguments. First, they argue that the jury waiver provision in the SPA does not bind them. Second, they argue that, even if the jury waiver

provision in the SPA originally bound them, defendants' request for a jury trial overrode the contractual jury waiver provision. Finally, they argue that allowing defendants to now withdraw their jury demand would be inequitable. We address each argument in turn.

A.     Whether the Contractual Jury Waiver Applies

A contractual waiver of the right to a jury trial is enforceable "if it is made knowingly, intentionally, and voluntarily." Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 188 (2d Cir. 2007) (citing Nat'l Equip. Rental, Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977)). "The burden of proving that a waiver was knowing and intentional rests with the party attempting to enforce the purported waiver." Lehman Bros. Holdings v. Bethany Holdings Grp., 801 F. Supp. 2d 224, 229 (S.D.N.Y. 2011) (internal quotation marks omitted) (quoting Sullivan v. Ajax Navigation Corp., 881 F. Supp. 906, 910 (S.D.N.Y. 1995)). Courts have considered the following factors in determining whether to enforce a jury waiver provision: "(1) the negotiability of contract terms and negotiations between the parties concerning the waiver provision; (2) the conspicuousness of the waiver provision in the contract; (3) the relative bargaining power of the parties; and (4) the business acumen of the party opposing the waiver." Hines v. 1025 Fifth Ave., Inc., 2015 WL 765943, at *2 (S.D.N.Y. Feb. 23, 2015) (internal quotation marks omitted) (citation omitted).

The jury-waiver provision at issue in this motion is contained in the SPA. SPA § 5.21. The CEC warrants that are the subject of this case incorporate the SPA by specific reference. See Warrant §§ 1, 5(e). The plaintiffs do not argue that they did not knowingly and voluntarily waive a jury trial when they signed the SPA or the warrants. They also do not argue that they should not be bound by any provisions governing the CEC warrants or that section 5(e) of the

CEC warrants does not incorporate the SPA.[2]  Instead, in their sur-reply brief, plaintiffs argue for the first time that they can escape the effect of the jury-waiver provision because there is no proof that CEC, the defendants' predecessor in interest — as opposed to plaintiffs — ever signed the SPA.  Pls. Sur-Reply at 2-3.  Plaintiffs argue that because defendants were never bound by the terms of the SPA, they cannot enforce its jury-waiver provision.  Id.

We reject this argument.  While it appears that defendants have not located a copy of the SPA that contains a signature page signed by CEC, Defs. Resp. at 2, this failure has no effect on the enforceability of the jury waiver provision because the warrants themselves explicitly incorporated the terms of the SPA.  Under New York law — which governs the interpretation, construction, validity, and enforcement of the contracts here, see Warrant § 5(e); SPA § 5.9 — "a paper referred to in a written instrument and sufficiently described may be made a part of the instrument as if incorporated into the body of it."  PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1201 (2d Cir. 1996) (internal quotation marks omitted) (quoting Jones v. Cunard S.S. Co., 238 A.D. 172, 173 (2d Dep't 1933)); accord Cooperativa Agraria Industrial Naranjillo Ltda. v. Transmar Commodity Grp., 2016 WL 5334984, at *4 (S.D.N.Y. Sept. 22, 2016).  The Warrants state that "[a]ll questions concerning the construction, validity, enforcement and interpretation of this Warrant shall be determined in accordance with the provisions of the Purchase Agreement."  Warrant § 5(e).  In section 1, the CEC Warrants state that "Purchase Agreement" refers to the

---

[2]  In an argument made for the first time in their sur-reply brief, plaintiffs argue that because defendants denied the validity of the warrants in their motion to dismiss, they cannot rely on the warrants' incorporation of the jury waiver provision in the instant motion.  See Pls. Sur-Reply at 3-7.  But it is plaintiffs who are seeking to enforce the warrants.  Plaintiffs cite no case law or even a legal doctrine that prevents defendants, notwithstanding their legal arguments regarding the validity of the warrants, from holding plaintiffs to a jury waiver clause contained in the very obligation that plaintiffs seek to enforce.

"Securities Purchase Agreement . . . dated December 31, 2008, among the Company and the purchasers signatory thereto." Id. § 1. Thus, regardless of whether CEC signed the SPA, the warrants could only be "enforce[d]" according to the terms of the SPA.[3]

Accordingly, we conclude that the jury waiver provision applies.

B. Waiver of the Contractual Jury Waiver

1. Whether the SPA Allowed for Waiver by Means of the Jury Demand

Defendant's Answer in this case included a jury demand. The jury demand states "Defendants demand a trial by jury in this action of all issues so triable." Answer at 6. The Answer was signed by attorneys for the defendants. Id. at 7. Plaintiffs argue that defendants waived the SPA's waiver of a jury trial when they filed their Answer requesting a trial by jury. Pls. Mem. at 8-14; Pls. Sur-Reply at 7-9.

We question whether an "irrevocabl[e]" jury waiver, SPA § 5.21, could be so easily discarded. Assuming that an irrevocable jury waiver could itself ever be waived, in this case the waiver would be governed by section 5.5 of the SPA, which governs generally any "waivers" to the SPA. That provision states in pertinent part:

---

[3] Plaintiffs cite to PostNet International Franchise Corp. v. Amercis International, Inc., 2006 WL 1775599, at *3 (D. Colo. June 26, 2006), in passing for the proposition that "[t]here is serious doubt whether incorporation of a jury waiver by reference is sufficient to constitute a valid jury waiver." Pls. Sur-Reply at 3 n.2. We note that many federal courts have ruled that jury-waiver provisions may be incorporated by reference, especially where part of a related transaction. See, e.g., SMA Portfolio Owner, LLC v. CPX Tampa Gateway Opag, LLC, 2014 WL 408312, at *1-2 (M.D. Fla. Feb. 3, 2014); Andre v. Sellstate Realty Sys. Network, Inc., 2010 WL 3259415, at *3 (M.D. Fla. July 30, 2010); see also Bank of Am., N.A. v. JB Hanna, LLC, 766 F.3d 841, 849 (8th Cir. 2014) (jury waiver provision in a "Master Agreement" was incorporated by reference into a related agreement, but did not apply to claims arising from "separate and distinct transactions"). In any event, plaintiffs do not actually argue that the jury waiver provision was not agreed to knowingly and intentionally. Accordingly, we do not address the issue further.

> No provision of this Agreement may be waived, modified, supplemented or amended except in a written instrument signed, in the case of an amendment, by the Company and the Purchasers of at least 66 2/3% in interest of the Securities still held by Purchasers or, in the case of a waiver, by the party against whom enforcement of any such waived provision is sought.

We further question whether the Answer in this case qualifies as a written instrument that was intended to waive, modify, supplement, or amend the SPA. Notably, the Answer was not signed by "Concentric Energy Corp.," which was the relevant party to the SPA, or by any successor entity. Rather, the Answer was signed only by an attorney, and plaintiffs provide no evidence that defendants' attorney had authority to bind the company to a waiver under section 5.5.

It is not necessary to reach these questions, however, because the actual text of the jury demand does not explicitly waive anything. Rather it demands a jury trial of "all issues <u>so triable</u>." Answer at 6 (emphasis added). In fact, no such issues were "triable" under the terms of the SPA. Thus, the jury demand in this case could not reasonably be construed as amending or waiving the jury-waiver provision of the SPA.

Plaintiffs cite the case of <u>Kirsch v. Brightstar Corp.</u>, 2014 WL 5166527, at *3-4 (N.D. Ill. Oct. 10, 2014), <u>see</u> Pls. Mem. at 12-13, which found that a jury demand operated as a waiver of a contractual provision that waived a jury trial. There is no reference in that case, however, to any provision in the contract that described the manner in which the waiver provision could itself be waived. Additionally, the actual jury demand in <u>Kirsch</u> did not limit itself to any issues "so triable." The same is true of the case <u>Sapp v. Propeller Co.</u>, 12 A.D.3d 218, 219 (1st Dep't 2004), also cited by plaintiffs. Pls. Mem. at 13. Thus, we do not view <u>Kirsch</u> or <u>Sapp</u> as controlling. Moreover, there is plentiful authority explicitly holding that a jury demand does not override a contractual jury waiver. <u>See</u> <u>Coraud LLC v. Kidville Franchise Co.</u>, 109 F. Supp. 3d 615, 625 (S.D.N.Y. 2015) (rejecting an argument that a party "waived [a] contractual jury waiver

when they . . . designated th[eir] case as one to be tried by a jury"); <u>Landmark Fin. Corp. v.</u>

<u>Fresenius Med. Care Holdings, Inc.</u>, 863 F. Supp. 2d 118, 120-21 (D. Mass. 2012) ("Where a

litigant has . . . waived [the] right [to a jury trial] at some earlier time, a defendant's disregard of

the federal rules does not create that right out of thin air.") (citations omitted); <u>Bear, Stearns</u>

<u>Funding, Inc. v. Interface Group-Nevada, Inc.</u>, 2007 WL 3286645, at *4 (S.D.N.Y. Nov. 7,

2007) (describing a request for a jury trial as "improperly" included in a pleading "if the right to

a jury trial had been waived"), <u>modified in part on other grounds</u>, 2007 WL 4051179 (S.D.N.Y.

Nov. 9, 2007); <u>Great Earth Int'l Franchising Corp. v. Milks Dev.</u>, 311 F. Supp. 2d 419, 437-38

(S.D.N.Y. 2004) (contractual jury waiver cannot be waived simply by one or both parties

demanding a jury trial).  In other words, simply requesting a jury trial does not create the right if

it did not exist at the time of the demand.  <u>See</u> <u>Great Earth</u>, 311 F. Supp. 2d at 437-38.

    2.    <u>Whether the Provisions of Rule 38 Require a Jury Trial</u>

Plaintiffs make a separate argument that the jury demand voided the jury waiver because

of the operation of Fed R. Civ. P. 38(d).  That rule states: "A party waives a jury trial unless its

demand is properly served and filed.  A proper demand may be withdrawn only if the parties

consent."  Plaintiffs argue that defendants may not now withdraw the jury demand in the Answer

because plaintiffs have not given their consent to do so.  <u>See</u> Pls. Mem. at 20-21; Pls. Sur-Reply

at 7-9.

As case law makes clear, the consent requirement of Rule 38(d) "permits a party to rely

on a jury demand originally made by an adversary."  <u>Sec. & Exch. Comm'n v. Masri</u>, 551 F.

Supp. 2d 320, 321 (S.D.N.Y. 2008) (citations omitted).  It would be unfair to permit unilateral

withdrawal of a proper jury demand if one side did not bother to make a demand because an

opposing party had already done so.  Thus, a party may rely on the fact that an opposing party

made a jury demand in those situations where "a second demand would, in fact, be superfluous." Rosen v. Dick, 639 F.2d 82, 91-92 (2d Cir. 1980).

By its terms, however, Rule 38(d) requires consent by an adversary only for an attempt to withdraw a "proper" demand for a jury trial. Thus, if a party did not have a right to a jury trial — either because the right did not exist as a matter of federal law or the party waived it contractually — then a jury demand will be without effect. See, e.g., Beal Bank USA v. Karp, 2014 WL 3763949, at *23 (S.D. Fla. July 30, 2014) (reliance on Rule 38(d) by party seeking to bar withdrawal of opposing party's jury demand based on lack of consent was "unavailing" because Rule 38(d) "presumes a proper demand was made"). Here, the jury demand was not "proper" because of the contractual jury waiver.

In a case essentially identical to the one before us, Tetra Financial Group v. Cell Tech International, Inc., 2009 WL 3818373, at *5 (D. Utah Nov. 13, 2009), the court held that Rule 38(d) did not require consent to withdraw a jury demand that was barred by a contractual jury waiver. In Tetra, both parties initially requested a jury trial notwithstanding the existence of a contract containing a jury waiver provision. See id. at *4. The plaintiff then sought to withdraw its own jury demand and strike that of the defendants. Id. The court held that no consent was required from defendants because the demand for a jury trial was "improper" in light of the contractual jury waiver. Id. at *5.[4]

---

[4] Plaintiffs' citation to Wendy's of Bowling Green, Inc. v. Marsh USA, Inc., 2012 WL 370486, at *6 (M.D. Tenn. Feb. 3, 2012), see Pls. Mem. at 12; Pls. Sur-Reply at 9, is unpersuasive. While Wendy's found that a jury demand constituted a waiver of a contractual jury waiver, the opinion contains essentially no reasoning and does not explicitly address the question of whether the jury demand in that case was "proper" under Rule 38(d). Another case cited by plaintiffs, Coleman v. Lazy Days RV Center, Inc., 2007 WL 2696789, at *2 (M.D. Fla. Sept. 12, 2007), similarly contains little reasoning or citation to case law for its conclusion that the demand for a jury trial in that case resulted in a waiver of a contractual jury waiver. Courts

In sum, the defendants' demand for a jury did not alter the original agreement between the parties and because it was not "proper" under Fed. R. Civ. P. 38(d), that text of that rule does not bar defendants' withdrawal of the demand.

C.   Whether Defendants' Motion to Withdraw the Jury Demand Should be Denied for Equitable Reasons

Finally, plaintiffs argue that we should reject the defendants' effort to withdraw their jury demand on essentially equitable grounds.  See Pls. Mem. at 14-19.  They note that one of the purposes of Rule 38 is to give notice to each side at the beginning of the case as to whether the case will be tried to a jury or to the court.  Id. at 15.  They argue that it would be "unfair" to permit defendants to withdraw their jury demand now because, plaintiffs contend, defendants must have believed initially that they "would be better off with a jury as the trier of fact," but that discovery "did not develop as Defendants had assumed."  Pls. Mem. at 17-19.

Plaintiffs' argument would have more force, however, if they could have reasonably relied on the defendants' jury demand.  In fact, they could not so rely because of the contractual jury waiver provision.  Indeed, plaintiffs themselves would have been entitled at any time to move to strike the jury demand had they found such a motion to be in their own interest.  Additionally, plaintiffs' argument that defendants obtained some advantage by waiting until the conclusion of discovery to withdraw the jury demand is speculative.  Notwithstanding plaintiffs' lengthy explanation of this purported advantage in a footnote to their initial brief, see id. at 18 n.11, the Court cannot conclude that anything that occurred in discovery gave the defendants an incentive to have the case tried to the Court rather than to a jury.

---

have declined to follow both cases.  See, e.g., Beal Bank USA, 2014 WL 3763949, at *23; Acciard v. Whitney, 2011 WL 4902972, at *3 (M.D. Fla. Oct. 13, 2011).  We similarly find these cases unpersuasive here.

None of the cases relied on by plaintiffs in support of their equitable argument, see Pls. Mem. at 14-19, barred a party from withdrawing an improper jury demand. The only exception is the Landmark case. In that case, however, a trial date had actually been scheduled and the Court found that the complaining party had been prejudiced by having to engage in "wasted trial preparation." Landmark, 863 F. Supp. 2d at 121. Accordingly, it found that the party seeking to withdraw the jury demand was estopped from doing so. Id. Assuming arguendo that the estoppel doctrine is available in the Rule 38(d) context, it does not apply here because plaintiffs have not pointed to any prejudice that resulted from the fact that the improper jury demand had been made. At the time defendants' motion was filed, no trial date had been scheduled and no party had been required to submit pre-trial materials for a jury trial.

III.     CONCLUSION

For the foregoing reasons, defendants' request to withdraw their jury demand and for the case to proceed as a bench trial (Docket # 43) is granted.

SO ORDERED.

Dated: June 19, 2017
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

11